In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00212-CV
_____

CESAR DE LEON, Appellant

V.

STATE FARM LLOYDS, Appellee

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-03-04388-CV**

## MEMORANDUM OPINION

In this first party insurance lawsuit, Cesar De Leon appeals the trial court's Order Granting State Farm Lloyds' ("State Farm") Motion for Summary Judgment. He also complains that the trial court abused its discretion by sustaining State Farm's objections to certain summary judgment evidence, and by its ruling on State Farm's Motion to Exclude Expert Witnesses. As discussed below, we affirm the trial court's judgment.

1

# BACKGROUND

De Leon sued State Farm, his home insurer, for damage his home allegedly sustained when his waterpipes burst during a winter storm that occurred in February 2021. The record shows that on February 22, 2021, De Leon made a claim with State Farm. Before the adjuster arrived, De Leon along with family, friends, and neighbors began making repairs, including stopping the pipe leaks. On March 21, 2021, State Farm sent an adjuster to inspect the property, after rescheduling an inspection on March 12, 2021, at De Leon's request.

On March 23, 2021, State Farm sent a letter to De Leon telling him that they determined the loss was less than his $2,800.00 deductible, so State Farm would not be paying any money on the claim. According to State Farm, it did not hear from De Leon again until he retained counsel. State Farm Claims Team Manager Nick D'Alessandro stated that State Farm timely acknowledged the letter of representation it received from De Leon's attorney in writing, and it requested to complete a second inspection to address De Leon's new concerns. After rescheduling a second inspection in April 2023, nobody was present at De Leon's property on the agreed upon date, and before State Farm could reschedule, De Leon filed suit.

Later, Brandon Gadrow, an adjuster with Quantum Claim Consulting Services hired by De Leon's attorney, inspected the property and estimated repairs would cost

2

$110,785.25. Gadrow testified, however, that he did not speak with De Leon about whether the damage was old or new and did not investigate the cause of damages or any issues in the home. Likewise, De Leon testified in his deposition that he did not have receipts for the repairs he made, nor could he track the costs for those repairs.

**De Leon's Petition and Causes of Action**

On March 23, 2023, De Leon filed "Plaintiff's Original Petition Expedited Action Under TRCP 169[.]" Except for identifying the date of loss, the factual details in De Leon's Original Petition are sparse. That said, he alleged that State Farm "failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages." He also asserted that State Farm "failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy" and "misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence." He alleged that "Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation." De Leon pleaded the following causes of action: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Texas Deceptive Trade Practices Act (DTPA); (4) violation of chapter 542 of the Texas Insurance Code, Prompt Payment of Claims Act; (5) unfair

insurance practices in violation of Texas Insurance Code chapter 541; (6) common-law fraud; and (7) ongoing conspiracy to commit illegal acts.

**State Farm's Motion for Summary Judgment**

On May 2, 2024, State Farm filed its Traditional and No-Evidence Motion for Summary Judgment. State Farm argued that after one year of discovery and litigation, De Leon failed to produce any credible or reliable evidence supporting that there were covered damages beyond what State Farm estimated or that the reasonable cost to repair any undisputed damages exceeded his policy deductible. State Farm argued that instead, the evidence established it had conducted a "diligent investigation and prepared an estimate for the reasonable and proper scope and cost of repairs for the covered damage[,]" which fell below De Leon's policy deductible, and he had no evidence to the contrary. Additionally, State Farm asserted that it was entitled to summary judgment on De Leon's extra-contractual claims, regardless of the breach of contract claim, because: (1) the summary judgment record established a reasonable basis for its claim decision; (2) it timely acknowledged the claim, investigated, and explained the decision; and (3) it communicated its position to De Leon in writing, and his frustration that the loss fell below his deductible was irrelevant and insufficient to support his claims. State Farm described the nature of the damage it observed after the freeze. It explained that it determined the water damage from the plumbing leaks was confined to the kitchen, laundry room, and

master bathroom. It also observed the home had issues unrelated to the freeze, like signs of ongoing and long-term damage from bathing activity or poor or improper ventilation in the master bathroom.

Based on its inspection and interactions with De Leon, State Farm prepared an estimate for $2,345.14, which fell below the policy deductible. State Farm asserted that it relayed its decision to De Leon on March 23, 2021, De Leon reviewed and understood State Farm's position but took no further action regarding the decision. According to State Farm, De Leon did not provide pre-suit notice or any documentation advising of the scope or amount of damages claimed. Then, on May 2, 2023, De Leon submitted an estimate prepared by Gadrow from Quantum Claim Consulting Services. State Farm outlined the deficiencies in De Leon's discovery responses and expert designations noting his failure to supplement or timely designate. State Farm asserted that "[b]ecause Plaintiff has not produced any admissible evidence and has not timely and properly designated expert witnesses, Plaintiff's causes of action fail as a matter of law."

In the no-evidence portion of its motion, State Farm argued that De Leon did not produce any reports or actual opinions or the experts' resumes. Additionally, State Farm claimed that De Leon, in response to request for admissions, conceded the designated "expert witnesses" Morgan, Bray, Degeyter, Perera, and Cole had not inspected the property, reviewed any documents pertaining to the claim, nor formed

5

any opinions. State Farm argued that Gadrow with Quantum Claim Consulting Services was the only person who inspected the property on behalf of opposing counsel, and it was after De Leon sued. State Farm added that Gadrow was not designated as an expert in the case, and Gadrow conceded in his deposition that he did not investigate the cause of the damage or issues he observed in the home.

State Farm alleged that the breach of contract claim failed because there was no evidence that the occurrence caused covered damages beyond the policy deductible. It argued that for De Leon to recover under the policy, he must prove that the damage claimed was caused by water damage from the freeze and was covered under the policy. State Farm also asserted that he must prove the actual cash value of the damages, if covered, exceeded the $2,800 policy deductible. It argued that proving covered damages associated with the freeze required physical observations or expert opinions, but De Leon had neither, so there was no evidence of breach, causation, or damage elements of his breach of contract claim.

State Farm also cited policy provisions excluding certain things and asserted that the summary judgment evidence established the damage was confined to the kitchen, laundry room, and master bathroom, which are the same areas State Farm estimated. It argued that although De Leon "loosely alleges" other damages, he did not produce admissible evidence establishing causation.

As for the claim for breach of the common law duty of good faith and fair dealing and its statutory counterpart under chapter 541, State Farm asserted that De Leon did not provide evidence of unreasonableness. Further, it claimed its summary judgment evidence affirmatively established State Farm had a reasonable basis for its claim's decision, thus could not be liable for his extra-contractual claims. According to State Farm, it promptly and reasonably inspected the property, then informed De Leon the covered damage did not exceed the policy deductible. State Farm contended that if De Leon cannot establish that he is entitled to additional policy benefits, he cannot recover for extra-contractual claims because he has alleged no independent injury. State Farm listed the elements of a claim under Texas Insurance Code chapter 541 and argued that De Leon had no evidence that it engaged in a practice that violated the applicable statute which he relied on to his detriment nor that State Farm's act or practice was the producing cause of actual damages. State Farm contended that the summary judgment evidence established otherwise. It also claimed that De Leon produced no evidence of or identified any specific misrepresentation State Farm made, which was also fatal to his DTPA claim. State Farm noted De Leon's deposition testimony that the adjuster made no misrepresentations.

As to the prompt payment claim under Texas Insurance Code chapter 542, State Farm contended that De Leon failed to plead any specific facts to support this

claim or produce any evidence of it. It asserted that the summary judgment evidence established State Farm satisfied each statutory deadline.

Finally, as to the common-law fraud and conspiracy claims, State Farm outlined the requisite elements and specifically challenged the lack of evidence to support that State Farm made a material misrepresentation of fact or that De Leon relied on such a misrepresentation. Despite generic allegations of misrepresentations in his Petition, State Farm argued that De Leon testified that no such misrepresentations were made, so the evidence also conclusively negated these claims.

State Farm's summary judgment evidence included: State Farm Records Custodian's Affidavit with insurance records, including a copy of the insurance policy and premium information; Affidavit of State Farm Claims Team Manager Nick D'Alessandro attaching the claim file, estimate showing $2,395 in damages, and email communication between State Farm and Dick Law Firm; excerpts from De Leon's deposition; excerpts of Brandon Gadrow's deposition; and State Farm's Designation of Expert Witnesses naming Jeff Hunt and Hunt's report.

In his affidavit, D'Allesandro averred, among other things:

3.     On February 22, 2021, Mr. De Leon reported a Claim for alleged water damage to the interior of the insured property located at 30 Hall Drive North, Montgomery, Texas 77316 (the Property) reportedly caused by plumbing leaks during Win[t]er Storm Uri. State Farm acknowledged the Claim in writing and immediately commenced its investigation. State Farm thereafter opened the Claim. . . .

8

. . .

5.      The initial inspection was scheduled for March 12, 2021. The day before the scheduled inspection, State Farm contacted Mr. De Leon to confirm. Mr. De Leon requested that the inspection be rescheduled for March 21, 2021.

6.      On March 21, 2021, State Farm inspected the Property with Mr. De Leon present. State Farm inspected the exterior and interior of the Property, took photographs and measurements, as well as spoke with Mr. De Leon regarding his observations and the repairs he had completed. State Farm determined that the water damage from the plumbing leaks was confined to the kitchen, laundry room, and master bathroom. State Farm further observed issues in the Property unrelated to the freeze, including signs of ongoing and long-term damage to the ceiling of the master bathroom, as well as signs of settlement throughout the Property. Based on its inspection findings, State Farm prepared a repair estimate for the covered damages. The replacement cost value (RCV) totaled $2,345.14, which fell below the Policy deductible. State Farm relayed its inspection findings to Mr. De Leon, including sending Mr. De Leon written correspondence, dated March 23, 2021, explaining that the loss fell below the Policy deductible, as well as a copy of the State Farm Estimate.

D'Alessandro also attached a copy of State Farm's Decision Letter and Estimate as an exhibit to his affidavit.

State Farm's evidence also showed that Gadrow failed to investigate the cause of the damages contained in his estimate and whether it resulted from the loss in question. Additionally, Hunt's report contained the following conclusions:

1. The water damage occurring on the RDOL was confined to the kitchen, laundry room, and to a lesser extent, the master bathroom. No evidence was observed or presented to substantiate claims of damage in other rooms.

9

2. The drywall distress observed is consistent with expected minor differential movement of a block and base foundation and is not related to water leaks on the RDOL.

3. The microbial growth observed on the master bathroom ceiling and walls is the result of bathing activity and poor or improper use of ventilation.

4. The State Farm estimate was reasonable and proper for the damage observed.

5. The Quantum estimate is an unreliable and indefensible representation of the reasonable and necessary cost to repair the damage sustained on the RDOL.

State Farm set its Motion for Summary Judgment to be considered by submission on May 24, 2024.

**De Leon's Response to State Farm's Motion for Summary Judgment**

On May 17, 2024, De Leon filed Plaintiff's Response to Defendant's No-Evidence Motion for Summary Judgment. In his Response, De Leon argued that the damage exceeded the policy deductible, citing to his own Unsworn Declaration and Gadrow's estimate. He also generically contended that State Farm violated Texas Insurance Code chapters 541 and 542 without identifying any specific facts or evidence that supports these allegations. He argued that State Farm breached the insurance contract by failing to act in good faith. He responded that State Farm violated its duty to act in good faith by acting "unreasonably" and conducting an "outcome-oriented investigation." Finally, De Leon countered that State Farm

10

violated multiple provisions of the Texas Insurance Code and DTPA. De Leon did not address the fraud or conspiracy claims.

De Leon included the following evidence with his Response: De Leon's Unsworn Declaration; Quantum Claim Consulting Services Estimate showing a total repair estimate of $110,785.25; and State Farm's Letter showing a damage estimate less than the deductible. De Leon's Unsworn Declaration outlined facts pertaining to the freeze, loss of power, and pipe rupture, which he alleged he discovered on Sunday, February 21, 2021. De Leon's statements included the following:

> 9. On Monday, we determined the extent of the water leaks/ruptures, which was quite extensive. We repaired the water lines and fixtures to make the house livable, but there are still holes in the walls and faucets that have not been replaced. Over the next few weeks, I noticed cracks in the walls and windows, and issues with doors not closing or sticking. An inspection revealed erosion of several footings due to the water flow from the ruptured pipes.
>
> . . .
>
> 11. In April 2021, I contacted FEMA for assistance, which they denied because I had homeowners' insurance. They referred me to the Small Business Administration (SBA) Disaster Relief. The SBA sent out a damage adjuster who determined the damage exceeded $25,000. The SBA processed a Disaster loan for me, which I used to relevel my house, replace windows, carpets, and padding to control mildew.
>
> 12. Based on an estimator's assessment, the total damage to my property is $110,785.25.

De Leon's Response did not address how his evidence supports any specific cause of action or any particular elements that would preclude summary judgment.

11

**State Farm's Reply and Objections to De Leon's Summary Judgment Evidence**

On May 21, 2024, State Farm filed its Reply to Plaintiff's Response to Defendant's Traditional and No-Evidence Motion for Summary Judgment, which also included objections to De Leon's summary judgment evidence. It responded that De Leon still failed to produce any competent or admissible evidence to defeat a no-evidence summary judgment. State Farm objected to portions of De Leon's Unsworn Declaration, asserting that it failed to comply with Texas Rule of Civil Procedure 166a(f). It also objected to the Quantum Claim Consulting Services Estimate.

State Farm objected that Paragraphs 9, 11, and 12 contained conclusory statements that lacked a basis for De Leon's knowledge and contained improper opinions, particularly his statement that "an inspection revealed erosion of several footings due to water flow from ruptured pipes." State Farm contended the statement contained an improper opinion, amounted to a conclusory statement without foundation or supporting evidence or a stated basis on which De Leon would have personal knowledge, so it was improper and inadmissible summary-judgment evidence. State Farm complained that Paragraphs 11 and 12 attempted to opine on cost of damages; however, De Leon did not provide a basis for the stated knowledge and any such knowledge of another was based on hearsay. Further, State Farm asserted that any opinion from De Leon on damages was improper and an attempt to

backdoor inadmissible evidence through an uninformed witness. Finally, State Farm objected that in Paragraph 11, De Leon referenced an estimate purportedly prepared by an undisclosed witness, Gadrow, as well as repairs that were allegedly completed. Yet, De Leon failed to produce supporting documents to substantiate the statements' validity, despite the court's ordering him to produce such documents by May 20, 2024, which he failed to do.

As to the Quantum Claim Consulting Services Estimate, State Farm complained that it was unauthenticated and unsupported by any affidavit. It also objected that the estimate constituted inadmissible hearsay. It objected that De Leon failed to designate Gadrow to offer any opinion on the scope of damages and failed to show he is qualified, which are prerequisites to admissibility under Rule 702.

On May 24, 2024, the trial court signed an order sustaining all State Farm's objections to De Leon's summary judgment evidence. As to De Leon's Unsworn Declaration, the trial court sustained objections to Paragraphs 9, 11, and 12 that: (1) they are based on hearsay; (2) the witness lacks personal knowledge; and (3) they contain improper opinions under Texas Rule of Evidence 702. It also sustained objections to the Quantum Claim Consulting Services Estimate that: (1) it constituted hearsay; and (2) it included improper opinions from an undesignated witness under Texas Rule of Evidence 702.

After sustaining State Farm's objections to De Leon's summary judgment evidence, the trial court signed an Order Granting State Farm's Motion for Summary Judgment. The Order specified that there is no evidence of essential elements for all causes of action and that the evidence conclusively establishes that De Leon is not entitled to any benefits under the insurance policy, that he has not suffered any damages as a result of State Farm's handling of his claim, and that State Farm "is accordingly entitled to judgment as a matter of law as to all claims brought against it in this lawsuit."

**Additional Discovery Issues and Expert Witnesses**

Contemporaneously with his Original Petition, De Leon filed his initial Required Disclosures and his Designation of Expert Witnesses. The expert designations were generic and included no information or opinions tied to the specific facts of De Leon's claim or loss. The Designation of Expert Witnesses identified the following individuals: Shiran Perera, an engineer; Matt Morgan, an adjuster and bad faith expert; Billy Bray, an insurance agent; Greg Degeyter, a meteorologist; Rebecca Cole, a mental health expert; and De Leon's attorney, Eric Dick from the Dick Law Firm who was expected to testify about attorney's fees. The Designation did not include Gadrow. The designation did not identify any facts or data the experts relied on or reviewed. De Leon did not provide any expert reports

or current resumes. De Leon did not supplement or amend his expert designations before the expert deadline passed.

In September 2023, State Farm sent correspondence to De Leon's attorney complaining about the deficient expert designations, noting they provided no information about this case or anything they reviewed or relied on. After the deadline to designate experts passed, State Farm moved to exclude De Leon's expert witnesses based on his failure to disclose their reports or opinions. State Farm contended that since the expert designations were incomplete, untimely, defective, and failed to comply with Texas Rule of Civil Procedure 194.2(f), they should be excluded. It set the Motion to Exclude Plaintiff's Experts to be considered by submission on May 24, 2024.

On May 21, 2024, De Leon responded to Defendant's Motion to Exclude Plaintiff's Expert Witnesses, and the same day, he filed an Amended Designation of Expert Witnesses. In his amended designation, De Leon added Gadrow as an expert for the first time and named Morgan, Degeyter, and Dick as experts, who were included in his original designation, while dropping others. He also attached Gadrow's Quantum Claim Consulting Services Estimate.

In his Response to Defendant's Motion to Exclude, among other things, De Leon asserted he timely designated his experts and that he "supplemented those timely disclosed general opinions with detailed reports afterward as contemplated

15

by the rules." That said, the record shows that DeLeon failed to provide any expert reports or the details pertaining to the opinions of his experts. He also asserted that he supplemented discovery and provided "documentation reviewed by experts in a timely manner prior to their depositions, consistent with the discovery deadlines." But he failed to specify when he provided the information, and more specifically where the information and documentation exists in the record.

On May 24, 2024, after the trial court sustained State Farm's objections to De Leon's summary judgment evidence and granted State Farm's Traditional and No-Evidence Motion for Summary Judgment, the trial court also signed an Order on State Farm's Motion to Exclude Late Designated Experts. The trial court denied State Farm's Motion to exclude "as moot" because it had granted the Motion for Summary Judgment and dismissed all causes of action against State Farm. Even so, the trial court's Order stated it "finds the experts were not properly nor timely designated[.]"

Before moving to exclude De Leon's expert witnesses, in April 2024, State Farm had also filed a Motion to Compel complaining that he had failed to respond completely to discovery requests. Particularly, State Farm complained about documents that De Leon failed to produce after his deposition and after Gadrow's deposition. These requested documents were related to repairs done to De Leon's home and his mitigation efforts. Additional requested documents he failed to

produce included communications between Gadrow and De Leon's attorney, including a specific assignment email Gadrow testified he received. On May 10, 2024, the trial court signed an Order Granting State Farm's Motion to Compel Complete Discovery Responses and ordered De Leon to produce all requested documents within ten days. The record does not show these documents were ever produced.

## ISSUE TWO: EVIDENTIARY RULINGS

For purposes of organization and clarity, we address De Leon's issues out of order and begin with issue two. In issue two, De Leon asks whether the trial court abused its discretion in excluding his summary judgment evidence. On appeal, De Leon argues the trial court improperly excluded evidence including contemporaneous photographs, multiple firsthand witness accounts, and expert analysis. State Farm contends that De Leon waived his challenge to the trial court's exclusion of his summary judgment evidence for failure to adequately brief this issue.

**Standard of Review and Applicable Law**

We review a trial court's decision to exclude summary judgment evidence for an abuse of discretion. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). A trial court abuses its discretion "by acting 'without reference to any guiding rules and principles.'" *Id.* (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

17

The rules require that summary judgment affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and shall show affirmatively that the declarant is competent to testify to the matters stated. *See* Tex. R. Civ. P. 166a(j)(4).[1] Documents referred to in an affidavit must be attached and either sworn or certified. *See id.*

**Analysis**

De Leon's brief fails to cite a single case or rule in support of his contention that the trial court erred when it sustained State Farm's objections to portions of his Unsworn Declaration and to the estimate prepared by Gadrow. Moreover, De Leon's brief seemingly addresses facts not contained in the record before us – for instance improperly striking firsthand testimony from multiple witnesses. The only witness testimony De Leon submitted was in his Declaration. Although he references other witnesses who he asserts could substantiate his claims, no such testimony from those witnesses was included in the summary judgment record. He also complains about the exclusion of "expert analysis" and references an engineering analysis. There is no engineering analysis in the record, and Gadrow admittedly did not investigate the cause of the purported damages.

---

[1]Since the substantive requirements under current Rule 166a(j)(4) and prior Rule 166(a)(f) are essentially the same (i.e., made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify), we cite to the current version of Rule 166a, which went into effect in March 2026.

De Leon includes no analysis applying any law to the facts of the case before us explaining why the trial court erred in sustaining the particular objections to Paragraphs 9, 11, and 12 of De Leon's Declaration and to the Quantum Claim Consulting Services Estimate prepared by Gadrow, thus we conclude that De Leon's argument is inadequately briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Celtic Props., L.C. v. Cleveland Reg'l Med. Ctr., L.P.*, No. 09-13-00464-CV, 2015 WL 4600661, at *5 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.) (concluding appellant waived complaint that trial court improperly sustained objections to summary judgment affidavit where it failed to provide legal analysis and inadequately briefed issue); *Goodenberger v. Ellis*, 343 S.W.3d 536, 539–40 (Tex. App.—Dallas 2011, pet. denied) ("Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed."). We overrule issue two regarding De Leon's challenge to the trial court's rulings that sustained State Farm's objections to his Declaration and to the Quantum Claim Consulting Services Estimate prepared by Gadrow.

## ISSUE ONE: SUMMARY JUDGMENT

In issue one, De Leon asks whether the trial court erred by granting State Farm's no-evidence motion for summary judgment because he presented evidence

creating genuine issues of material fact regarding: the existence of water damage exceeding the policy deductible; State Farm's failure to conduct a reasonable investigation; and State Farms statutory violations in handling the claim. De Leon challenges the propriety of the trial court's no-evidence summary judgment and contends his evidence created a fact issue on "every challenged element[.]"

**Standard of Review and Applicable Law**

We review a trial court's decision to grant summary judgment de novo. *See H-E-B, LP v. Peterson*, 732 S.W.3d 541, 545 (Tex. 2026). We view the evidence in the light most favorable to the nonmovant. *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See id.*; *City of Keller*, 168 S.W.3d at 824.

A no-evidence motion for summary judgment "is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (citations omitted); *see also* Tex. R. Civ. P. 166a(a)(2) (formerly rule 166a(i)). A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the

20

vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted). To defeat a no-evidence summary judgment motion, the non-movant must produce summary judgment evidence sufficient to raise a genuine issue of material fact on each element of the claims challenged by the movant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party moving for traditional summary judgment has the burden of establishing there is no genuine issue of material fact as to at least one requisite element of the asserted cause of action and that it is entitled to judgment as a matter of law. *See Lightning Oil Co. v. Anadarko E & P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citations omitted); *see also* Tex. R. Civ. P. 166a(a)(1), (h).[2] If a defendant files a combined traditional and no-evidence summary judgment motion, we first review the judgment under the no-evidence standards. *See Ridgway*, 135 S.W.3d at 600; *Werth v. Johnson*, 294 S.W.3d 908, 909 (Tex. App.—Beaumont 2009, no pet.).

A plaintiff claiming breach of contract must prove: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant breached the contract; and (4) damages as a result of the breach. *See S & S*

---

[2]We cite to the current version of the Texas Rules of Civil Procedure, although the former version of the rules applied to this case, as under both versions a traditional movant is held to the matter of law standard and must show no genuine issue of material fact exists.

*Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (citing *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018)). "An insurance policy is a contract[.]" *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015) (citation omitted) (stating same in the context of contract interpretation). "To prove coverage, the plaintiff must establish that the injury or damage is the type covered by the policy." *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 400 (Tex. 2016) (citation omitted) (stating so in context of a *Stowers* demand). "An insured cannot recover any damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." *Menchaca*, 545 S.W.3d at 500 (citations omitted).

**Analysis**

We explained above that De Leon inadequately briefed his challenge to the trial court's rulings excluding certain summary judgment evidence and thus waived that issue. The trial court sustained objections to portions of De Leon's Declaration pertaining to: (1) his damages and the cause, particularly as it related to the alleged foundation issues and that water erosion was the cause; (2) that a FEMA adjuster determined the damage exceeded $25,000; and (3) the total amount of damages, which De Leon based on the "estimator's assessment." Likewise, the trial court sustained State Farm's objection to the entirety of Gadrow's estimate. Absent

22

evidence damages constituted a covered loss under the policy that exceeded the deductible or contradicted State Farm's estimate, no evidence created a fact issue that any of De Leon's alleged damages were caused by a breach on State Farm's part. *See Seger*, 503 S.W.3d at 400; *RSUI Indemnity Co.*, 466 S.W.3d at 118. Thus, his breach of contract claim fails. *See Elliott*, 564 S.W.3d at 847 (stating requisite elements of breach of contract claim). As to his extra-contractual statutory claims and bad faith claims, because there is no evidence that De Leon had a right to receive benefits under the policy or an injury independent of a right to benefits, his extra-contractual claims for statutory violations and bad faith likewise fail. *See Menchaca*, 545 S.W.3d at 499–500.

De Leon failed to respond to State Farm's no-evidence summary judgment on his fraud and conspiracy claims in the trial court or point to any evidence supporting those claims and fails to address the merits of the no-evidence summary judgment as to those claims on appeal. Since those claims are unchallenged, we must affirm the no-evidence motion for summary judgment. *See Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 722–23 (Tex. App.—Fort Worth 2013, no pet.) (affirming no-evidence motion for summary judgment on unchallenged ground).

We hold that De Leon failed to create a genuine issue of material fact as to all his pleaded claims in response to State Farm's No-Evidence Motion for Summary

Judgment. *See Ridgway*, 135 S.W.3d at 600. Thus, the trial court properly granted State Farm's No-Evidence Motion for Summary Judgment. We overrule issue one.

## ISSUE THREE: EXPERT WITNESSES

In issue three, De Leon complains that the trial court erred by finding De Leon's expert designations were untimely while simultaneously denying the Motion to Exclude as moot.

**Standard of Review and Applicable Law**

We review a district court's ruling excluding expert testimony for an abuse of discretion. *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009). A court abuses its discretion by "acting arbitrarily and unreasonably or misapplying the law to the established facts of the case." *Huynh v. Blanchard*, 694 S.W.3d 648, 674 (Tex. 2024) (citations omitted). A party cannot offer the testimony of an expert who was not timely identified. *See* Tex. R. Civ. P. 193.6(a); *see also Diamond Hydraulics, Inc. v. GAC Equip., LLC*, 731 S.W.3d 901, 904 (Tex. 2026). There are two exceptions to this general prohibition, which is when a district court determines that either: (1) good cause existed for the failure; or (2) the failure will not unfairly surprise or prejudice the other party. *Diamond Hydraulics*, 731 S.W.3d at 904 (citing Tex. R. Civ. P. 193.6(a)). The party who failed to timely designate the expert bears the burden to prove that one of the exceptions applies. *Id.*; *see also* Tex. R. Civ. P. 193.6(b). No judgment may be

24

reversed on appeal unless the error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals. *See* Tex. R. App. P. 44.1(a).

**Analysis**

In the trial court, De Leon did not (1) explain why he had good cause for any delay in amending his expert designations or providing the necessary information required by the rules or (2) why his untimely designations would not unfairly surprise or prejudice the other party. *See* Tex. R. Civ. P. 193.6(a); *Diamond Hydraulics*, 731 S.W.3d at 904. He generally asserted in his response that striking his experts "would unfairly prejudice presentation" of his case. His response also seemingly addressed factual details that are inconsistent with this matter. On appeal, De Leon offers no explanation for how the trial court abused its discretion by acting arbitrarily or unreasonably or assert that it misapplied the law to these facts. *See Huynh*, 694 S.W.3d at 674; *Fort Brown Villas III*, 285 S.W.3d at 881. Further, because we have concluded that the trial court properly granted State Farm's Motion for Summary Judgment before denying State Farm's Motion to Exclude Expert Witnesses as moot, De Leon cannot establish that the trial court's ruling denying the Motion to Exclude caused harm or likely resulted in an improper judgment. *See* Tex. R. App. P. 44.1(a). We overrule issue three.

## CONCLUSION

Having overruled each of De Leon's issues, we affirm the trial court's judgment.

AFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on March 31, 2026
Opinion Delivered July 2, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.